IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMONTE ALLGOOD,

                                        OPINION AND ORDER

                Plaintiff,

                                        17-cv-812-bbc

      v.

CO SGT. HERT, CO WEYCKER, CO PEOTTER,
RN CASSANDRA BAIER, LT. CUSHING, CO DENIAL,
WARDEN SCOTT ECKSTEIN, CAPTAIN BRANT,
LUSTEY, DEPUTY WARDEN SCHUELLER and
JOHN KIND,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On January 3, 2018, I granted pro se plaintiff Jamonte Allgood leave to proceed with claims under the Eighth Amendment that defendants CO Sgt. Hert, CO Weycker, CO Peotter and CO Denial used excessive force against him or failed to intervene to prevent the use of excessive force and defendant RN Cassandra Baier failed to provide him adequate medical treatment. Plaintiff has now filed a proposed amended complaint, dkt. #22, a motion for temporary restraining order, dkt. #13, and a motion for emergency transfer out of the Green Bay Correctional Institution. Dkt. #20. For the reasons below, I will grant plaintiff leave to file an amended complaint and will grant him leave to proceed on claims against defendants Hert, Weycker, Peotter, Denial, Baier, Cushing and Lustey. I will deny him leave to proceed against defendants Eckstein, Brant, Schueller and Kind. I will also deny plaintiff's motions for a temporary restraining order and emergency transfer.

      Plaintiff alleges the following facts in his amended complaint.

1

ALLEGATIONS OF FACT

Plaintiff Jamonte Allgood is incarcerated at the Green Bay Correctional Institution. In July 2017, plaintiff was in the library asking for a pen. Defendants Poetter and Weycker, correctional officers, and defendant Hert, a sergeant, responded by grabbing plaintiff by the neck, throat and head and dragging him down the hall. The officers later beat him and defendant Weycker "busted" plaintiff's finger, causing him to bleed profusely. Defendant CO Denial was present and filmed the incident. Yang, a correctional officer, and defendant Cushing, a lieutenant, then arrived on the scene. Yang used excessive force on plaintiff after he was already handcuffed. Cushing watched and did not intervene.

After the incident, defendant Cassandra Baier, a registered nurse, came to see plaintiff but refused to give him ice or treatment for his injuries. She did not take pictures of all of his injuries. Defendants Cushing, Hert, Poetter, Weycker and Denial then placed plaintiff on "control status" for three days. Plaintiff's control cell was "freezing cold" and had no light, desk, mirror, emergency intercom button, smock or blanket. The security mattress was dirty, plaintiff was denied "essential hygiene," including the ability to wash his hands.

Plaintiff later received a conduct report for assaulting staff, disruptive conduct and disrespect. Defendant Captain Brant conducted the due process hearing. Plaintiff's staff advocate failed to call witnesses on plaintiff's behalf. Plaintiff was found guilty and sentenced to 180 days' disciplinary segregation. Plaintiff appealed the disciplinary decision to defendant Warden Eckstein, but it was affirmed.

Since the July 2017 incident, plaintiff has suffered ongoing pain all over his body,

2

including on his ribs, back, neck, arms, hands and finger. Defendant Lustey, the medical administrator at the prison, has refused to provide plaintiff medical treatment for his ongoing pain.

OPINION

Plaintiff's allegations may be organized into four categories: (1) excessive force; (2) denial of adequate medical care; (3) failure to provide humane living conditions; and (4) due process. I discuss each legal theory below.

### A. Excessive Force

Claims for excessive force in the prison context are governed by the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain" on prisoners. Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). The factors relevant to deciding whether an officer used excessive force include: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and any efforts made to temper the severity of a forceful response. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Plaintiff alleges that after he asked for a pen, defendants Poetter, Weycker and Hert responded by grabbing plaintiff by the neck, throat and head and dragging him down the

hall, beating him and breaking his finger. These allegations are sufficient to state a claim of excessive force. Thus plaintiff may proceed with excessive force claims against Poetter, Weycker and Hert. He may also proceed with a failure to intervene claim against defendants Denial and Cushing, based on his allegations that these defendants were present while other officers used excessive force but did not intervene to prevent or stop the excessive force. At summary judgment or trial, however, plaintiff will have to prove that Denial and Cushing could have acted to prevent any excessive force used against plaintiff. Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted). Finally, I note that although plaintiff alleges that Officer Yang used excessive force against him, plaintiff did not include Yang as a defendant in the caption of his complaint. Therefore, I am assuming that plaintiff does not intend to proceed against Yang as a defendant in this lawsuit.

### B. Conditions of Confinement

Plaintiff contends that defendants violated his right to humane living conditions by removing his clothes and placing him in a "freezing cold" and dirty cell for three days without any light, desk, mirror, emergency intercom button, smock, blanket or essential hygiene. Prison officials violate the constitution if they are "deliberately indifferent to adverse conditions that deny 'the minimal civilized nature of life's necessities.'" Farmer, 511 U.S. at 825. "[C]onditions of confinement, even if not individually serious enough to work

4

constitutional violations, may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" Budd v. Motley, 711 F.3d 840, 842-43 (7th Cir. 2013) (citation omitted).

Plaintiff's allegations are sufficient to proceed with conditions of confinement claims against defendants Cushing, Hert, Poetter, Weycker and Denial, as he alleges that these defendants were responsible for his cell placement.

### C. Medical Care

Next, plaintiff contends that defendant Nurse Baier failed to provide him ice or treatment for the injuries caused by the officers' alleged excessive force and that defendant Lustey has refused to provide him medical treatment for ongoing pain and medical problems resulting from the incident. A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a layperson. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials

5

are aware that the prisoner needs medical treatment, but disregard this need by consciously failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Consistent with this standard, plaintiff's medical treatment claims have three elements: (1) Did plaintiff need medical treatment?; (2) Did defendants know that plaintiff needed treatment?; and (3) Despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

Plaintiff's allegations that he was bleeding, his finger was "busted" and he was hurting all over, and that he continues to suffer from excruciating pain, are sufficient to support an inference that he had a serious medical condition and continues to have one. Additionally, his allegation that defendant Baier failed to provide him ice or treatment for his injuries and that defendant Lustey continues to deny plaintiff's requests for adequate medical treatment, are sufficient to support an inference of deliberate indifference against these defendants. Accordingly, plaintiff can proceed with an Eighth Amendment claims against Baier and Lustey.

### D. Due Process

Plaintiff alleges that his due process rights were violated during the hearing on the conduct report he received for assaulting staff, disruptive conduct and disrespect. In particular, he says that his staff advocate failed to call witnesses on his behalf and defendant Captain Brant improperly found him guilty. However, plaintiff's allegations are not sufficient to state a due process claim.

A prisoner challenging the process afforded in a prison disciplinary proceeding must show that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Marion v. Columbia Correctional Institution, 559 F.3d 693, 697 (7th Cir. 2009); Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). Plaintiff's due process claim appears to be grounded on an alleged deprivation of a "liberty interest," because he alleges that he was subjected to 180 days' segregation as a result of the conduct report. Case law states that a prisoner's placement in segregation may create a liberty interest "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." Marion, 559 F.3d at 697. See also Townsend v. Cooper, 759 F.3d 678, 687 (7th Cir. 2014).

Plaintiff's amended complaint contains no allegations regarding the conditions of segregation. However, even assuming plaintiff's 180 days' segregation is sufficient to trigger due process protections, his allegations do not permit an inference that he was denied due process. Plaintiff's right to process before receiving a term of segregation would be limited to notice of the reasons for the proposed placement and an adequate opportunity to present his views regarding why he should not be disciplined. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Plaintiff was not entitled to a "full-blown hearing," the right to call witnesses, a written decision of reasons for the transfer or even an appeal procedure. Id. at 685-86. Here, plaintiff alleges that he received a formal disciplinary hearing. Although

7

plaintiff was not satisfied with the outcome and thinks additional witnesses should have been called, he was afforded an opportunity to be heard on the charges. He was not denied constitutional due process. Therefore, he may not proceed with a due process claim.

### E. Remaining Defendants

Plaintiff includes several other defendants in the caption of his amended complaint, but his allegations are not sufficient to support any claim against them. In particular, plaintiff has not alleged that defendants Warden Scott Eckstein, Captain Brant, Deputy Warden Schueller and John Kind caused his injuries, could have intervened to prevent them or otherwise violated his rights. These individuals cannot be held liable for the constitutional violations of others, simply because they had supervisory roles. Rather, a supervisor may be liable under 42 U.S.C. § 1983 only if he or she is "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). This means that the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" Matthews v. City of East St. Louis, 675 F.3d703, 708 (7th Cir. 2012). Here, plaintiff's amended complaint contains no allegations suggesting that Eckstein, Brant, Schueller or Kind approved, condoned, or turned a blind eye to any unconstitutional treatment of plaintiff. Therefore, I will dismiss these defendants from the case.

8

F. <u>Motions for Preliminary Injunctive Relief</u>

Plaintiff has filed two motions for preliminary injunctive relief, in which he asks for a court order requiring defendants to provide him medical treatment for his injuries and move him to a different prison. I will deny plaintiff's request for preliminary injunctive relief at this time.

First, plaintiff's motions are procedurally defective because they fail to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has not submitted proposed findings of fact.

Second, even if plaintiff's motions were not facially flawed, I would deny them on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. <u>Lambert v. Buss</u>, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff has yet to show a likelihood of success on the merits of his claims. In order to do so, plaintiff would need to submit actual evidence in support his claims, including more detailed information about the alleged harm he has suffered and continues to suffer, the efforts he has made to obtain medical care, including dates and the nature of his requests for relief, and how defendants have responded. Although plaintiff's allegations are sufficient to pass the screening stage, his submissions fall far short of showing that he needs the extraordinary relief that he seeks. Accordingly, he is

not entitled to injunctive relief.

ORDER

IT IS ORDERED that

1. Plaintiff Jamonte Allgood's motion for leave to file an amended complaint, dkt. #22, is GRANTED and plaintiff is GRANTED leave to proceed on claims under the Eighth Amendment that: (a) defendants CO Sgt. Hert, CO Weycker and CO Peotter used excessive force against him; (b) defendants CO Denial and Lt. Cushing failed to intervene to prevent excessive force; (c) defendants Cushing, Hert, Poetter, Weycker and Denial subjected him to unconstitutional conditions of confinement; and (d) defendants RN Cassandra Baier and Lustey failed to provide him adequate medical treatment.

2. Plaintiff is DENIED leave to proceed on any other claim. Defendants Warden Scott Eckstein, Captain Brant, Deputy Warden Schueller and John Kind are DISMISSED from this case.

3. Plaintiff's motion for a temporary restraining order, dkt. #13, and motion to be transferred, dkt. #20, are DENIED.

4. After defendants file an answer to plaintiff's amended complaint, the clerk of court will schedule a preliminary pretrial conference with Magistrate Judge Crocker.

Entered this 22d day of February, 2018.

BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge