IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMONTE ALLGOOD,

                                            OPINION AND ORDER

                Plaintiff,

                                            17-cv-812-bbc

    v.

CO SGT. HERT, CO WEYCKER, CO PEOTTER,
RN CASSANDRA BAIER, LT. CUSHING, CO DENIAL,
LUSTEY and OFFICER YANG,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 3, 2018, pro se plaintiff Jamonte Allgood was granted leave to proceed with claims under the Eighth Amendment that defendants CO Sgt. Hert, CO Weycker, CO Peotter and CO Denial used excessive force against him or failed to intervene to prevent the use of excessive force and defendant RN Cassandra Baier failed to provide him adequate medical treatment. Plaintiff then filed a proposed amended complaint, dkt. #22, which I screened on February 22, 2018, granting plaintiff leave to proceed on claims against defendants Hert, Weycker, Peotter, Denial, Baier, Cushing and Lustey. Dkt. #24. Less than a week later, plaintiff filed a third proposed complaint, dkt. #27, in which he repeats most of the same allegations from his previous two complaints, including allegations and claims against defendants I dismissed previously. Plaintiff has also filed a renewed motion to be transferred to a different prison, dkt. #30, and a motion requesting an audio or video recorder for him to use at depositions. Dkt. #33. I am denying all of plaintiff's motions.

1

With respect to plaintiff's request to file yet another amended complaint, he has shown no reason why this is necessary. Plaintiff's proposed amended complaint simply seeks to revive claims and defendants that were dismissed previously, but he has included no new allegations that alter my previous conclusions that plaintiff failed to state a due process claim and failed to state claims against any of the supervisory defendants. That being said, I stated in the previous opinion that plaintiff had not named "Officer Yang" as a defendant in the caption of his complaint, although his allegations were sufficient to state Eighth Amendment claims against Yang. Plaintiff clarifies in his recent filings that he did intend to name Officer Yang as a defendant, so I will permit plaintiff to proceed against Yang. However, the first amended complaint will remain the operative pleading in this case.

As for plaintiff's renewed motion to be moved to a different institution, I explained previously that any request for preliminary injunctive relief must comply with this court's procedures for obtaining such relief. Plaintiff's renewed motion does not comply with the court's procedures. I will include another copy of this court's procedures with this order. Moreover, plaintiff's renewed motion does not show a likelihood of success on the merits of his claims that are proceeding in this case. <u>Lambert v. Buss</u>, 498 F.3d 446, 451 (7th Cir. 2007). Instead, his motion includes new allegations of abuse. For example, he alleges that officers have verbally harassed him, thrown milk at him, dumped his food on the floor and otherwise treated him badly. To the extent plaintiff believes his new allegations of abuse rise to the level of constitutional violations, he may file a new lawsuit based on these claims. However, even accepting his allegations as true, he has not shown a likelihood of success on

the merits of his underlying claims, nor has he shown that he should be transferred to a different prison. Accordingly, I will deny his motion for preliminary injunctive relief.

Finally, plaintiff asks that he be provided an audio or video recorder to use during depositions. Plaintiff does not explain why he wants a recording device. It is also not clear whether plaintiff wants a recording device for his own deposition or whether he wants to be able to record depositions he plans to take. Regardless, I am denying the motion. This court does not have resources to provide recording devices to litigants to be used during depositions. If the parties want to record depositions, they must make their own arrangements for doing so.

ORDER

IT IS ORDERED that

1. Plaintiff Jamonte Allgood's motion for leave to file an amended complaint, dkt. #26, is DENIED.

2. Plaintiff's motion to be transferred to another institution, dkt. #30, is DENIED.

3. Plaintiff's motion to be provided a recorder for depositions, dkt. #33, is DENIED.

4. Plaintiff is GRANTED leave to proceed on claims under the Eighth Amendment that defendant Officer Yang used excessive force against him and subjected him to unconstitutional conditions of confinement.

5. Defendants are directed to file an amended answer to respond to the claim against

3

defendant Officer Yang.

Entered this 22d day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge