IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JAMONTE ALLGOOD,

                  Plaintiff,                  OPINION and ORDER

    v.

                                                   19-cv-832-wmc

CO SGT. HERT, CO WEYCKER,
CO PEOTTER, LT. CUSHING, CO DENIAL,
and CO YANG,

                  Defendants.

Pro se plaintiff Jamonte Allgood is proceeding on claims that defendants used excessive force against him or failed to intervene to prevent the use of excessive force in violation of the Eighth Amendment on July 22, 2017, while he was incarcerated at Green Bay Correctional Institution. Trial is scheduled to begin June 24, 2019 at the federal courthouse in Green Bay, Wisconsin. In advance of the final pretrial conference scheduled for June 11, the court issues the following opinion and order addressing the parties' motions in limine and other outstanding motions.

OPINION

I.    DEFENDANTS' OMNIBUS MOTION IN LIMINE (Dkt. #124)

**MIL No. 1: Exclude any argument, questions, testimony or evidence relating or referring to other legal proceedings involving defendants.**

Defendants move to preclude evidence or argument that they have been involved in other legal proceedings or sued by other inmates as improper, irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 403, and 404(b). This motion will be granted. Even without the parties explaining what specific evidence might be at issue, it is difficult to see how other lawsuits against defendants would have probative value that outweighs the potential for

1

unfair prejudice. Other lawsuits involving defendants have no obvious relevance to whether defendants used excessive force against plaintiff or failed to intervene to prevent excessive force during the July 22, 2017, incident. In particular, under Rule 404(b), other alleged bad acts by defendants would be inadmissible to show that they had a propensity to behave in a certain way. Barring, a proffer at the June 11 Final Pretrial Conference of some undisclosed relevance, MIL No. 1 will be granted.

**MIL No. 2: Excluding any argument, questions, testimony or evidence relating or referring to other lawsuits against the Department of Corrections or its current or former employees.**

Defendants move to preclude evidence or argument regarding lawsuits involving the DOC or its current and former employees as irrelevant and prejudicial under Federal Rule of Evidence 403 and improper evidence of prior acts under Rule 404. This motion will be granted for the same reasons as MIL No. 1 will be granted. Other lawsuits against DOC or other DOC employees are irrelevant, prejudicial and improper propensity evidence.

**MIL No. 3: Excluding any argument, questions, testimony or evidence relating or referring to "missing" sections of the video recording of the July 22, 2017 incident or spoliation of a video recording of the July 22, 2017 incident.**

Plaintiff has argued repeatedly during this case that there was, at one time, a video recording of the time he was in the law library on July 22, 2017, through the time he was returned to his cell on that date. Plaintiff maintains that the portion of the video (showing defendants' use of excessive force against him) was destroyed. Defendants now seek to preclude plaintiff from arguing that: (1) any video footage was destroyed; or (2) there ever was additional footage beyond what is seen on the video submitted as defendants' trial exhibit 504.

In fact, defendants represent no such video ever existed that recorded the alleged incident outside of the library, nor at the time defendants actually used force against plaintiff, because that force was not planned. Instead, defendants represent that only *after* the officers attempted to control plaintiff was a video camera obtained, and the recording of the force incident began. According to defendants, that video recording then continued until plaintiff calmed down and received medical attention.

Given the plausibility of defendants' explanation and lack of *any* evidence to the contrary, defendants' motion will be granted. In particular, plaintiff has submitted no evidence to support his claim that there *was* a video placed and taking pictures of the library area, much less that any video footage has been withheld or destroyed. In contrast, defendants have submitted a declaration from defendant Daniel Cushing, explaining that there is no video footage of the initial use of force against plaintiff. because the force was unplanned. Only after defendants had used force to gain control of plaintiff did an officer arrive on the scene with a handheld camera to document the incident. (Dkt. #105 at ¶ 6.)

Moreover, the actual footage submitted by defendants comports with defendants' explanation of when the video recording started. The footage is clearly being recorded by someone holding a handheld camera who is walking quickly down the hall and toward the location where plaintiff and several officers had their interaction. By the time the person holding the camera arrives at the location of the group, at about four seconds into the video, plaintiff is already on the ground, hand-cuffed, and wearing a spit-mask. In other words, the footage shows that the person recording the incident did not arrive at the scene until sometime after defendants used force to restrain plaintiff.

To the extent that plaintiff contends that there is separate video footage of the incident, either captured on a stationary security camera or by another person, he has provided *no* evidentiary support. Thus, although plaintiff may genuinely believe that defendants or some other prison personnel destroyed relevant video footage, his own suspicions are not enough to permit him to argue to the jury that defendants destroyed video footage to cover up their excessive force. Accordingly, absent a contrary evidentiary proffer at the Final Pretrial Conference, I will grant this motion and prohibit plaintiff from arguing at trial that defendants destroyed or withheld video footage showing the force incident.

**MIL No. 4: Permitting cross-examination of specific instances of untruthful conduct by plaintiff.**

Defendants seek permission to question plaintiff regarding three conduct reports plaintiff received (one in 2019 and two in 2017) for lying. Plaintiff was found guilty of all three conduct reports.

This motion will be granted. Although Federal Rule of Evidence 608(b) does not permit extrinsic evidence of misconduct, it generally allows cross-examination regarding specific instances of misconduct if they are probative of a witness's character for truthfulness or untruthfulness. *See United States v. Abair*, 746 F.3d 260, 263 (7th Cir. 2014). The conduct reports that plaintiff received for lying concern conduct that is probative of untruthfulness. Therefore, defendants may elicit cross-examination that plaintiff has been found guilty of lying. Defendants may not, however, introduce any of the conduct reports themselves as evidence, nor suggest or argue that plaintiff's conduct reports are indicative of his character for misbehaving.

## II. PLAINTIFF'S OUTSTANDING MOTIONS

### A. Motion for writ of habeas corpus ad testificandum (Dkt. #123)

Plaintiff filed a motion for a writ of habeas corpus ad testificandum for his own attendance at trial. The clerk of court for the Eastern District of Wisconsin has already issued that writ and one for his inmate witness, Randy Alexander. In response to the plaintiff's most recent request, I will also direct the clerk of court to issue a writ for plaintiff's other inmate witness, Lamar Anderson.

### B. Motion for spoliation sanction (Dkt. #137)

At a telephonic status conference held on April 30, 2019, the court reserved a ruling on whether plaintiff would be entitled to a spoliation instruction at trial. (Dkt. #114.) Plaintiff has now renewed his motion requesting that defendants be sanctioned for destroying a portion of the video footage of the force incident at issue in this case. As explained above, however, plaintiff has not shown that any sanction or spoliation instruction is warranted in this case. As the party requesting a spoliation instruction, plaintiff has the burden of demonstrating that defendants destroyed video footage in bad faith and "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013). Here, plaintiff has not shown that any additional video footage ever existed or even likely existed, let alone that *defendants* destroyed the footage in bad faith. Therefore, plaintiff's motion for a spoliation sanction will be denied.

**C. Motion to compel (Dkt. #144)**

At the April 30, 2019, telephonic status conference, the court ruled on several discovery requests that plaintiff had made. (Dkt. #114.) The court directed defendants to file with the court, under seal, any special training protocol related to the use of force. Defendants have done so. (Dkt. #118.) Having now reviewed the 110-page training protocol, little of it is likely to be useful to plaintiff in proving his claims against defendants, especially since the ultimate question for the jury will be whether defendants violated plaintiff's constitutional rights, not whether they complied with any of the protocols in the training manual. I also can understand why defendants might want to keep at least some portions of the training protocol sealed from inmates. However, I will give plaintiff another opportunity to argue at the Final Pretrial Conference as to why he should be permitted access to the training protocol, especially if any of the defendants intended to testify or argue that they were acting in accordance to those protocols or their police training more generally.

Also at the April 30 telephonic status conference, the court directed that by May 15, 2019, defendants: (1) provide plaintiff copies of defendants' disciplinary files, if any, that concern the force incident at issue or any other use of force incidents; (2) give plaintiff an opportunity to view the DOC's use of force policy and to take notes regarding the policy; (3) give plaintiff an opportunity to view video footage of the incident at issue; and (4) give plaintiff a copy of his medical records from the July 22 to July 30, 2017, time period. Now plaintiff has filed a new motion to compel, in which he appears to be asking for the same documents discussed at the April 30 conference. (Dkt. #144.)

Since it is unclear from plaintiff's motion and supporting brief whether defendants failed to comply with some or all of the court's previous order or whether plaintiff is asking for

documents in addition to those provided already, I will reserve a ruling on this motion until plaintiff and defendants have clarified the status of discovery at the June 11 Final Pretrial Conference.

ORDER

IT IS ORDERED that:

1) Defendants' omnibus motion in limine (dkt. #124) is GRANTED as set forth above.

2) Plaintiff Jamonte Allgood's motion for writ of habeas corpus ad testificandum (dkt. #123) is GRANTED. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for Lamar Anderson at trial beginning on June 24, 2019.

3) Plaintiff's motions for spoliation sanctions (dkt. #101 and dkt. #137) are DENIED.

4) The court RESERVES on plaintiff's motion to compel (dkt. #144) as set forth above.

5) Defendants' motion for Randy Alexander to appear by videoconference (dkt. #138) is DENIED.

6) The clerk of court is directed to issue a writ of habeas corpus ad testificandum for Randy Alexander's appearance at the June 24, 2019 trial.

Entered this 7th day of June, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge